ANDREW DANIEL v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 17 September, 1907).

1. Evidence—Negligence—Contributory Negligence—Nonsuit.

A motion for judgment as of nonsuit will not be allowed when there is evidence tending to show that the plaintiff, an employee of defendant company, while in discharge of his duties, attempted to board a car, next to the engine, of defendant's slowly moving train; that the engineer saw him approach, and could have seen him in the act of boarding the car, and at that moment opened the throttle of the engine "and made a jerk," causing him to fall under the car and sustain the injury. Such evidence is sufficient to sustain a verdict that the defendant was negligent, and does not establish contributory negligence as a matter of law.

2. Same—Withdrawn—Objections and Exceptions—Appeal and Error.

Exceptions to evidence not taken on the trial at the time will not be considered on appeal; and likewise as to the language of the trial Judge in withdrawing improper evidence from the jury.

3. Evidence—Custom.

Evidence of plaintiff as to the custom of defendant's servants to ride upon defendant's cars, as he was doing when injured, is competent, though he had only been employed by defendant one month.

4. Measure of Damages—Appeal and Error.

It is not reversible error, upon the measure of damages, for plaintiff to testify that defendant had promised him promotion.

CIVIL ACTION, tried before *Lyon, J.,* and a jury, at March Term, 1907, of the Superior Court of HALIFAX County. From a judgment for the plaintiff defendant appealed.

DANIEL *v.* RAILROAD CO.

*E. L. Travis* and *George C. Green* for plaintiff.
*Day, Bell & Dunn* and *Murray Allen* for defendant.

CONNOR, J.    Although the record contains forty-one excep-
tions, the merits of the controversy are presented upon de-
fendant's motion for judgment of nonsuit, and involve but
few facts.    Plaintiff alleges and, in support of his allegations,
testifies that he was employed by defendant company to work
on and about its yards at Weldon, N. C.; that on the day of
the accident he was directed by a fellow-servant to go to the
coal-chute and deliver a message to one Reed, another em-
ployee, in regard to moving an engine and some coal cars;
that in the discharge of the duty imposed upon him he met
an engine, to which two coal cars were attached.    He thus
describes the manner in which he sustained the injury for
which he seeks to recover damages: "Mr. Owens was the
engineer, and he was looking at me when I was meeting the
engine.    When the engine was passing, Mr. Owens was lay-
ing out of his window, watching, when I was meeting the
engine, and was looking back at me after I passed the engine,
and the second that I went to catch the car Mr. Owens opened
the throttle and made a jerk, about the time I went to catch
the car and had my foot on the stirrup, and that jerk threw
me under the car, and the whole run over me and broke my
leg all to pieces.    The engineer could see me when I went
to take hold of the car.    I was going back down town on the
car, about three-quarters of a mile.    There were two cars
attached to the engine.    According to the best of my knowl-
edge, the engine was moving at about the rate of three miles
an hour.    I could catch it in a fast walk.    There was noth-
ing between me and the engineer to prevent him from seeing
me as I went to get on the train.    I attempted to board the
car next to the engine."    He was cross-examined at much
length, but the foregoing is the substance of his testimony
regarding the manner in which he was injured.    He further

testified that he and other railroad employees were in the habit or that it was customary for them to get and ride on the cars as they moved slowly along the track in the yard.   Plaintiff was contradicted in his account of the transaction, custom, etc.   Defendant does not deny that the testimony, if believed, shows negligence on the part of its engineer.   It contends that the same testimony which establishes negligence shows, as matter of law, contributory negligence on the part of the plaintiff, and upon that ground bases its motion for judgment of nonsuit.   Conceding the truth of plaintiff's testimony, as must be done in disposing of the motion, we do not perceive how his Honor could have rendered judgment of nonsuit. There is in it but slight, if any, evidence of contributory negligence.   Plaintiff says that, while engaged in the line of his duty, in accordance with the custom prevailing among defendant's employees, he attempted to board the car, under the circumstances narrated, and was, by the act of the engineer, injured.   This testimony falls far short of establishing contributory negligence as a matter of law.   The jury having found, under the instruction of the Court, that the injury was sustained as testified to by plaintiff, the conduct of the engineer was manifestly negligent.   It is but just to him to say that he denied the statement made by plaintiff, giving an entirely different account of the matter, and that his testimony was strongly corroborated by others who saw the accident, but was rejected by the jury.   We are compelled to take the testimony as true, and from that point of view his Honor correctly denied the motion.   His Honor instructed the jury, after stating the general contentions of the parties, as follows: "And (if) you further find that the engineer saw him (plaintiff) at the time he made the attempt to get on the car, or saw him immediately before he made the attempt, and that the engineer knew or had reason to believe that plaintiff would make the attempt to get on the car, or could, by the exercise of ordinary prudence, have seen that the plaintiff would attempt to get on the car;

and if you further find by the weight of the evidence that when the plaintiff attempted to and was in the act of getting on the car in the manner testified to, the engineer pulled the throttle, thereby causing the train to suddenly jerk forward, and that the sudden jerking of the train caused the plaintiff to lose his hold and fall under the wheels of the car, crushing one of his legs; and further find that a reasonably prudent man would ordinarily not have pulled the throttle at the time and under the circumstances as you may find them to be, then you will answer the issue 'Yes.' If you do not so find, you will answer the issue 'No.'" This instruction, to which defendant excepts, is clearly correct, and fairly presents the question of fact to the jury. They found against defendant, and, after doing so, logically, found that the plaintiff was not guilty of contributory negligence. They could not, after finding the first issue, come to any other conclusion. His Honor correctly charged the jury in regard to the measure or standard of duty imposed upon the plaintiff in attempting to get on the car. We have examined the prayers for instruction submitted by defendant, and his Honor's ruling upon them. We find no error in this respect.

Defendant excepts to several rulings made by his Honor regarding the admissibility of testimony. The one most strongly urged upon us is thus presented upon the record: Plaintiff was asked, "Did he see you when you went to get on?" Answer, "Yes, sir." Defendant objected to his saying whether he could see him or not. The Court: "Yes, I reckon that is a matter for the jury." Q. "Was there anything between you and the engineer, when you went to get on the train, to prevent him seeing you?" A. "No." Defendant objected; overruled, and exception by defendant. Defendant insists that the Court erred in permitting the answer to the first question. Without expressing an opinion upon the admissibility of the question and answer, the record shows that defendant was content with his Honor's action, and made no

exception thereto.   It is a fair construction of the language that his Honor excluded the answer, saying that whether the engineer saw plaintiff or not was an inference to be drawn by the jury from the evidence as to the position of the parties, etc. This is manifest from the form of the next question, which was clearly competent.   His Honor would have made his language more explicit if defendant had indicated that it was not content.   The witness had, without objection, testified that the engineer could see him.   The difference is rather slight, in view of the condition of the record, to base a finding of reversible error.

The exception to the admission of plaintiff's testimony, that it was customary for defendant's servants to ride upon the cars, as he was attempting to do, is without merit.   It is true that plaintiff had been in defendant's employment but one month.   He may, within that time, have become acquainted with the custom respecting his own employment and the discharge of his duties.   He was cross-examined at much length, and the jury given ample opportunity to properly weigh and value his testimony.   In the aspect of the case found by the jury, it was not material whether he attempted to get upon the car in accordance with a custom or not.   If, after seeing plaintiff attempting to get on the car in the manner testified to by him, the engineer opened the throttle to his engine, thereby causing him to be thrown under the car and injured, the defendant would be liable for negligence upon well settled principles and adjudged cases.   *Deans v. Railroad,* 107 N. C., 686, and many other cases.   Defendant excepts because plaintiff was permitted to say that he was promised promotion.   His Honor admitted this evidence as tending to show his reasonable expectation of making wages.   We do not find any reversible error in this.   In view of the fact that the jury gave plaintiff, a young man, only one thousand dollars for the loss of his leg, we do not think it probable that his expectation of increased wages made much impression upon

their minds.    The cause was fairly submitted to the triers of
the fact.    We find no valid exceptions to his Honor's rulings.
The judgment must be
     Affirmed.